### Ledford v. Lewis, Judge, et al.

### Keith v. Same.

### Bundy v. Same.

(Decided March 20, 1931.)

JOHN M. QUINN for respondents.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing original actions in this court for writs of prohibition.

These three cases are original ones brought in this court against Hon. William Lewis, the judge of the Jackson circuit court, and the clerk of that court, wherein each petitioner seeks such preventive relief as this court is authorized to grant under section 110 of our Constitution to prevent respondents from attempting to enforce an alleged judgment of the Jackson circuit court based upon the verdict of a jury finding each of them guilty of unlawfully possessing intoxicating liquor and punishing them under the law therefor. It is alleged in the petitions that each petitioner was found guilty in the Jackson circuit court by the verdict of a jury on the 16th of August, 1930, followed by an entered judgment in accordance with the verdicts, which was placed upon the record of the court by its clerk. But the petitioners aver that the record so apparently adjudging, was never attempted to be signed by the presiding judge until the following January, 1931, term of the court, and that on that occa-

sion he did not subscribe his name to the orders made on August 16, 1930, but only to those made on the next day, August 17, 1930, and for which reason, it is averred; there is in reality no judgment against either of the petitioners.

However, it is further alleged that petitioners filed a motion for a new trial which was overruled at the same term at which the verdict was rendered, and that in a few days thereafter they caused to be executed before the clerk of the Jackson circuit court a supersedeas bond for the purpose of applying to this court for an appeal from the convictions, and which bond was approved by the respondent, clerk. It is then alleged that, on the 17th of November, 1930, the latter issued an execution on the supersedeas bonds, as is now permitted by statute in such cases (chapter 32, p. 138, Acts 1926), and sent them to the sheriff of Clay county where petitioners resided, and that they filed an equity action in the Clay circuit court against the sheriff of Clay county, and the clerk of Jackson county, and obtained a temporary restraining order enjoining either of them from taking any steps to enforce the execution, upon the ground, as we suppose (there being no copy of that petition before us), that (a) the judgments attempted to be rendered upon the verdicts, being unsigned by the judge, were of no force or effect, and (b) that, if otherwise, the supersedeas bonds protected petitioners (plaintiffs in that action) from being harassed with the execution processes.

It is further alleged by each petitioner that on the 24th day of January, 1931, the respondent, clerk, issued a capias pro fine against each of them, and sent it to the sheriff of Clay county, and that he did execution thereon by arresting each petitioner and delivering him to the jailer of Jackson county where they are all now confined. In addition thereto, it is alleged by petitioners that the clerk of the Jackson circuit court, one of the respondents herein, refuses to transcribe the record in the misdemeanor trial for the purposes of filing it in this court with a motion for an appeal; yet there is filed as an exhibit with each of the petitions now under consideration a transcript of that record. It is also alleged, in general language, that the respondent, Lewis, directed the clerk of the Jackson circuit court to take the steps and issue the processes above enumerated, but it is nowhere averred that he did so as a court or in his judicial capacity. We do not deem it necessary to determine what we conclude is the only material law question

attempted to be presented, i. e., that the attempted entry of the judgments on the verdicts of the jury have never been legally subscribed, since, if that should be true, similar injunctive processes from the same circuit court or habeas corpus proceedings would either of them furnish ample remedy for petitioners' release from their alleged unlawful confinement.

It might be insisted, however (there being no brief filed for petitioners), that respondent, Lewis, could not grant any preventive relief as against himself, and which is true. But this court has no authority, under section 110 of the Constitution to undertake to control his individual actions, but only his official and judicial ones made and rendered under such circumstances as to impose irreparable burdens with no other adequate relief. As we have said, no official or judicial action of the respondent, Lewis, is complained of in either of the petitions filed in this court. Clearly, in the absence of a pending appeal in this court, or motion therefor based upon the filed record in the misdemeanor trials, we have no jurisdiction under section 110 of the Constitution to direct the clerk as to what he shall or shall not do towards the collection of the complained of judgments, or towards compelling him to copy the record for the purposes of appeal; all of which is true, because petitioners have an adequate remedy as against that officer by appropriate proceedings in the circuit court, one of which was resorted to by petitioners when such official wrongfully, as they claimed, issued an execution on their supersedeas bonds. The same remedy is now open to them to prevent any officer of either county from unlawfully imprisoning them, or they may employ habeas corpus proceedings in a proper court.

It therefore results that no cause of action against either respondent is stated in the petitions, and for which reason they are each dismissed.